WEAMER et v. SLEMMER.

Ohio Appeals, 3rd Dist., Mercer Co.

No. 413. Decided June 22, 1928.

First Publication of This Opinion

Syllabus by Editorial Staff.

1159. TAXES & ASSESSMENTS—27. Actions.

Where tax payer has full and complete administrative remedy, furnished under Chapter 11 beginning with Section 5579 GC., he cannot, after failing to pursue such remedy, avail himself of provisions of 12075 GC., by seeking to enjoin collection of taxes resulting from increased valuations.

Action for injunction.

Petition dismissed.

B. A. Myers, and W. E. Touvelle, Celina, for Weamer.

John W. Loree, Celina, for Slemmer.

FULL TEXT.

HUGHES, J.

This is an action brought by the plaintiff for himself and on behalf of all other taxpayers in the Village of Coldwater, similarly situated, against the county treasurer and the county auditor, to enjoin the auditor from making up a tax list and duplicate and certifying the same to the county treasurer for the collection of taxes for the year 1926 from the plaintiff and the others joined with him, and to enjoin the treasurer from collecting such tax so certified, under and by virtue of a reappraisement that is claimed to be illegal.

It is claimed that the county auditor failed to lay before the county board of revision, the return of his assessments of the real property in Coldwater, until July 23rd instead of on or before the first Monday in July as required by Section 5605, General Code, and that he failed to give the notice required by Section 5606, after the board of revision had completed its work of equalization; and that he failed to deliver and certify a copy of the tax list to the Tax Commission of Ohio on the first Monday of September, under Section 2583, General Code, but delivered the same on the first day of October.

There are other claims of omissions and tardiness on the part of the auditor in preparing his tax duplicate and giving notices after the Tax Commission had increased the total valuation of the property in Coldwater by twenty percent.

When the case made by plaintiff is boiled down, it is clearly shown that he is complaining for himself and on behalf of the other taxpayers, because the real estate of Coldwater has been placed upon the tax duplicate at more than its real value in money.

It is urged upon us that there is a misjoinder of parties plaintiff, but this question we deem unnecessary to discuss for the reason that we have arrived at the conclusion that the plaintiff and the others that he has joined with him, had a full and complete administrative remedy furnished under Chapter 11, beginning with Section 5579, General Code.

Whether or not the plaintiff could join with him the other taxpayers so similarly situated, in procuring the administrative relief afforded him under this chapter, need not here be decided. It is sufficient to say that for the wrongs complained of, his remedy is made complete by this chapter. And as was held in the case of Hannah v. Winder, 112, OS. 158:

"Such taxpayer must pursue the administrative remedy so provided. Failing to do so, he cannot avail himself of the provisions of Section 12075, General Code, by seeking to enjoin the collection of taxes resulting from the increased valuations."

Petition dismissed.